### James H. Clark *vs.* William Gordon & another.

In an action brought by the assignees of an insolvent debtor to try the validity of a sale of chattels made by him shortly before proceedings in insolvency were instituted against him, he is a competent witness for the purchaser, to prove that the sale was not made for such purpose, or with such intent and knowledge, as rendered it void against his creditors.

Shaw, C. J. This was an action of trover to recover the value of thirty four tons of pine timber, alleged to have been converted by the assignees of Oliver Smith, an insolvent debtor. At the trial, before Mr. Justice Hubbard, at the last May term at Plymouth, the plaintiff claimed title to the timber under a sale made to him by said Smith, on the 25th of April 1846. The defendants showed that Smith went into insolvency on

the 30th of May 1846, and that they, as his assignees, took possession of the timber, on the 10th of June following, as his property.    And they alleged and undertook to prove, in justification of their conduct in the premises, and as a defence to this action, that Smith was indebted to the plaintiff, at the time of said sale, in the sum of $250 on a note and on account, and agreed to receive payment for the timber (the price of which was $272) in his note to be given up, and by a credit on account for the balance.    Evidence was given of these facts, and the questions for the jury were, whether Smith was insolvent at the time of said sale, or whether, being insolvent, or in contemplation of insolvency, he made the sale to the plaintiff, intending to give him a preference, as a preëxisting creditor, and whether the plaintiff, at that time, had reasonable cause to believe that Smith was insolvent. (*Sts.* 1838, *c.* 163, § 10; 1841, *c.* 124, § 3; 1844, *c.* 178, § 8.)    Smith was called as a witness by the plaintiff, and was asked whether, in making the sale to the plaintiff, he intended to prefer him, and whether, at that time, he contemplated insolvency.    And the witness was permitted, notwithstanding the defendants' objection, to answer this question. His answer was, that he had no intention of preferring the plaintiff, and had no intention or expectation, at that time, of suspending his business.    The jury found a verdict for the plaintiff, subject to the opinion of the whole court, as to the competency of the witness to give said testimony.

The court are of opinion that Smith, the insolvent debtor, was a competent witness; because he was not interested in the event of the suit.    The question of the intent, with which he made the sale, became material.    It was a question of fact, and might be proved by the testimony of the party himself, if he was so situated as to be competent.    Perhaps the reason why this proof is not more commonly relied on is, that frequently the party, who is alleged to have acted with an unlawful intent, or under an unlawful motive, is a party to the suit, or has some interest in the event of the suit.    In that case, the intent and motive may be inferred, by the jury, from

facts and circumstances proved.   Still it is a fact to be proved; in the one case by positive, in the other by circumstantia. evidence, both of which are admissible; when given by com‧ petent witnesses.                     *Judgment on the verdict.*
   *Coffin,* for the defendants.
   *Eliot,* for the plaintiff.